THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHELE DAMIANO )
    3478 Augusta Drive )
    Ijamsville, MD 21754 )
        Plaintiff, )
)
vs. )
) Case No.:
INSTITUTE FOR IN VITRO SCIENCES )
    30 West Watkins Mill Road )
    Suite 100 )
    Gaithersburg, MD 20878 )
)
    and )
)
PAYCHEX INSURANCE AGENCY, INC. )
    150 Sawgrass Drive )
    Rochester, NY 14620 )
        Defendants )
)

## COMPLAINT

Michele Damiano, ("Plaintiff"), initiates this action to seek redress against Institute for In Vitro Sciences, ("IIVS") and Paychex Insurance Agency, Inc., ("Paychex"), together ("Defendants"), for their untimely issuance of plan documents and misrepresentations to Plaintiff that, as part of her severance from IIVS, she would receive both health care (medical and dental), and disability benefits (short-term and long-term) until the end of October 31, 2015. When Plaintiff sought these benefits, her claims were denied by the dental and disability service providers, stating that she was not eligible for these benefits. When confronted by Plaintiff with the news that she was denied benefits and informed that she was ineligible, the Defendants simply responded that Plaintiff should have known that she was not eligible and not entitled to the promised benefits. IIVS breached the contract by failing to provide promised benefits when Plaintiff sought them in accordance with the contract promises. As a result, Plaintiff seeks

damages from Defendant IIVS's contract and failure to provide promised benefits under the ERISA benefit plan which Defendants administered.  Further, Defendants' misrepresentations constitute breaches of fiduciary duty which harmed Plaintiff.  Therefore, alternatively, Plaintiff seeks appropriate equitable relief in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA").

Plaintiff asserts that she is entitled to:  (1) payment of the $110 a day penalty for failure to comply with COBRA notice requirements.ERISA § 502(c)(1)(A), 29 U.S.C. § 1132(c)(1)(A); (2) payment of promised dental and disability benefits, or (3) such other equitable remedies under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) as the Court may deem appropriate to remedy Defendants' breach of fiduciary duties under ERISA.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 1132(e)(1), 1132 (a)(3), and 28 U.S.C. § 1331.

2. This Court has pendent jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court under 29 U.S.C. § 1132(e), as the plan is administered in Maryland.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

5. Plaintiff has exhausted all administrative remedies.

## THE PARTIES

6. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

7. Plaintiff resides in the State of Maryland.

8. Defendant IIVS is located in the State of Maryland.

9. Defendant Paychex is headquartered in the State of New York, but conducts business and provides services in the State of Maryland.

10. The IIVS group health plan ("the Health Plan") is a welfare benefit plan, as defined under ERISA § 3(1), 29 U.S.C. §1002(1). The IIVS Group Long-Term Disability Insurance Plan and the IIVS Group Short-Term Disability Insurance Plan (collectively "Disability Plans") are both welfare benefit plans, as defined under ERISA § 3(1), 29 U.S.C. §1002(1).

11. The administration of the Health Plan and the Disability Plans is subject to the Employee Retirement Income Security Act ("ERISA").

12. The administration of the Health Plan is subject to the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA").

13. On information, IIVS is the "plan administrator" of both the STD and LTD plans within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A), and is therefore a "fiduciary" within the meaning of ERISA § 3(21)(A), 29 U.S.C.§l002(21)(A).

14. On information, IIVS is also the "plan sponsor" of the STD and LTD Plan within the meaning of ERISA § 3(16)(B), 29 U.S.C. §1002(16)(B).

15. Paychex is a service provider of the Plan, and is therefore a "party in interest" within the meaning of ERISA § 3(14)(B).

## FACTUAL ALLEGATIONS

16. Plaintiff was employed by Defendant IIVS in the position of Accounting Assistant/HR Coordinator.

17. On September 9, 2015, Defendant IIVS issued a Termination Letter to Plaintiff notifying Plaintiff that her employment was terminated effective on that date.

18. In the Termination Letter, Defendant IIVS represented to Plaintiff that her health and disability insurance benefits under the Plan would continue through October 31, 2015.

19. At the time of Plaintiff's termination, Defendant Paychex administered the insurance benefits provided by Defendant IIVS to its employees.

20. On information, Defendant IIVS consulted with Defendant Paychex and received written confirmation that coverage could be continued as described in Plaintiff's Termination Letter under the terms of the Disability Plans in existence at the time the promise was made to Plaintiff.

21. On September 16, 2015 and September 28, 2015, acting in reliance on Defendant IIVS' representation that her healthcare coverage would continue through October 31, 2015, Plaintiff utilized the services of her dentist.

22. Plaintiff was retroactively denied coverage for the September 16, 2015 visit to her dentist. Humana, the dental provider, is seeking payment of approximately $3,400 in covered services due to the retroactive termination.

23. As a result of the retroactive termination, Humana refused to cover Plaintiff's September 28, 2015 visit, thereby making Plaintiff personally liable for approximately $1,500 in expenses.

24. At no point was Plaintiff informed that, contrary to the severance agreement, her dental benefits would be terminated prior to October 31, 2015.

25. On information and belief, Plaintiff did not receive her notice of COBRA election of rights within the forty-four (44) day period following her September 9, 2015 termination as required by COBRA.

26. On or about October 3, 2015 Plaintiff was hospitalized and underwent emergency brain surgery to correct a hemorrhage caused by the rupture of a Cavernous Hemangiomas in her brain.

27. In the aftermath of her surgery, but before the October 31, 2015, Plaintiff acted in reliance of the promise made by IIVS and sought coverage under the Disability Plans.

28. Upon being contacted by Plaintiff in reference to her desire to seek STD and LTD benefits, Defendant IIVS informed Plaintiff that she could not access STD and LTD benefits because she was ineligible by virtue of the termination of her employment effective September 9, 2015.

29. On information and belief, had Plaintiff received the STD benefits that Defendant IIVS represented that she was eligible for, Plaintiff would have been entitled to receive approximately $13,000 in benefits.

30. The LTD plan which Defendant IIVS represented that Plaintiff was covered by provided benefits in the amount of sixty percent (60%) of the benefit claimants' salary for a period of up to forty-eight (48) months.

31. Plaintiff's salary during her employment with Defendant IIVS was $60,273 per annum. Therefore, had Plaintiff been allowed to access the LTD benefits that Defendant IIVS represented that she retained rights to; Plaintiff would have been entitled to LTD benefits in an amount up to $144,000.

## COUNT I: EQUITABLE RELIEF UNDER ERISA SECTION 502(a)(3)

32. Plaintiff restates allegations asserted in Paragraphs 1-31.

33. Pursuant to ERISA § 502(a)(3) and 29 U.S.C. § 1132(a)(3), a participant or beneficiary can bring a civil action "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan."

34. By its September 9, 2015 Termination Letter, IIVS represented that disability benefit coverage under both its STD and LTD plans and dental coverage through the group health plan would continue through October 31, 2015.

35. On information, Defendant IIVS consulted with Defendant Paychex to confirm that providing this coverage through October 31, 2015 was permissible under the plans, demonstrating the intent of Defendant IIVS to continue Plaintiff's coverage under the Health Plan and Disability Plans through October 31, 2015.

36. Despite having been informed that she was covered under the IIVS Disability Plans until October 31, 2015, when Plaintiff sought to access benefits under IIVS' STD and LTD plans, Plaintiff was informed that she was ineligible to access benefits by virtue of her termination.

37. Despite having received a promise of continued dental coverage, Plaintiff was retroactively and directly denied coverage for dental services that should have been covered by Defendant's Plan causing Plaintiff to incur out-of-pocket costs that she would not have borne had coverage been extended to her as represented by Defendants.

38. Defendant's denial of benefits to Plaintiff in light of its misrepresentation to her is a violation of ERISA § 502(a)(3), 29 U.S.C.§1132(a)(3).

39. To redress Defendant's unlawful conduct, Plaintiff is entitled to payment of the total out-of-pocket costs for all retroactively denied services, and to equitable remedies for Defendants' termination of promised coverage leading to the denial of benefits under the Group Health Plan as well as IIVS' LTD and STD plans.

## COUNT II: STATUORY REMEDIES FOR VIOLATION OF COBRA

40. Plaintiff restates allegations asserted in Paragraphs 1-39.

41. Pursuant to 29 C.F.R. § 2590.606-4, where the plan administrator of a benefit plan is also the employer of the employees covered by the plan, the employer is required to give notice to employees of their right to elect continued coverage within forty-four (44) days of a qualifying event.

42. Termination of employment is a qualifying event which triggers the notice period outlined by 29 C.F.R. § 2590.606-4.

43. Plaintiff was terminated by Defendant IIVS effective September 9, 2015.

44. Forty-four (44) days as counted from September 9, 2015 was October 23, 2015.

45. On information, Plaintiff did not receive notice of her right to elect continued coverage from Defendant IIVS before October 23, 2015 in contravention of 29 C.F.R. § 2590.606-4.

46. Pursuant to 29 C.F.R. § 2590.606-4(d), the administrator of a plan providing continuing coverage to a beneficiary is required to notify the recipient beneficiary of any termination of coverage that takes place prior to the maximum period of continuation coverage available under the Plan.

47. Administrators are required to give notice of termination of coverage as soon as practicable after the administrator decides to terminate coverage.

48. Plaintiff never received notice from Defendants in relation to September and October of 2015 informing her that her coverage had been terminated. Defendant's failure to notify Plaintiff of the termination of her benefits is a violation of 29 C.F.R. § 2590.606-4(d) and therefore of COBRA and ERISA.

49. To redress Defendants' failure to provide notice of Plaintiff's right to elect continued coverage in violation of COBRA and ERISA, Plaintiff is entitled to the $110 a day penalty for failure to comply with COBRA notice requirements under ERISA § 502(a)(1)(A), 29 U.S.C. §1132(a)(1)(A) and ERISA § 502(c)(1)(A), 29 U.S.C. § 1132(c)(1)(A).

50. To redress Defendants' failure to provide proper notice of termination of Plaintiff's benefits under the Plan in violation of 29 C.F.R. § 2590.606-4(d), Plaintiff is entitled to such relief as the Court in its discretion deems appropriate.

## COUNT III: BREACH OF CONTRACT

51. Plaintiff restates allegations asserted in Paragraphs 1-50.

52. Defendants offered Plaintiff continued health and disability benefits, as set forth in a written severance agreement.

53. Plaintiff relied upon that promise.

54. Plaintiff acted upon the promise by seeking benefits.

55. Defendants breached the contract by not paying the promised dental and disability benefits.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court:

    A.    Order that Defendants be assessed a $110 a day civil penalty pursuant to ERISA § 502(a)(1)(A), 29 U.S.C. §1132(a)(1)(A).

B. Order that Defendants pay Plaintiff the total of out-of-pocket costs for all retroactively denied services.

C. Order that Defendants pay Plaintiff equitable remedies for Defendants' termination of promised coverage which led to Plaintiff being denied benefits under the Group Health Plan as well as IIVS' LTD and STD plans.

D. Order that Defendant's pay Plaintiff damages for their failure to notify her of the termination of her continued coverage benefits pursuant to ERISA § 502(c).

E. Award such other legal, equitable and remedial relief as the Court deems appropriate under ERISA § 502(a)(3), 29 U.S.C.§1132(a)(3).

F. Order the Defendants to pay attorneys' fees and costs.

DATED: March 28, 2016

    /s/Denise M. Clark
Denise M. Clark, Esq. (17385)
Kendall Scott Rocio (13441)
Clark Law Group, PLLC
1250 Connecticut Ave, N.W., Suite 200
Washington, D.C. 20036
(202) 293-0015
dmclark@benefitcounsel.com
ksrocio@benefitcounsel.com