IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHELE DAMIANO,                    *

      Plaintiff,                    *

      v.                            *              Civil Action No. PX 16-0920

INSTITUTE FOR IN VITRO SCIENCES     *
*et al.*,
                          *

      Defendants.

                            ******

## MEMORANDUM OPINION

Plaintiff Michele Damiano ("Plaintiff" or "Damiano") filed a Complaint against Defendants Institute for In Vitro Sciences, Inc., ("IIVS") and Paychex Insurance Agency, Inc. ("Paychex" and collectively, "Defendants"). ECF No. 1. Plaintiff brings this action against Defendants for violations of the Employee Retirement Income Security Act, ("ERISA") and Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA") in connection with alleged material misrepresentations regarding her coverage under welfare benefit plans covered by ERISA and improper notice of her rights to continuation coverage as required by COBRA.

Currently pending before the Court is Defendants' Joint Motion to Dismiss or in the Alternative for Summary Judgment. ECF No. 15. The relevant issues have been fully briefed and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the reasons set forth below, the Court will GRANT IN PART and DENY IN PART Defendants' Motion to Dismiss.

# I.    BACKGROUND[1]

Damiano was employed by IIVS as an Accounting Assistant/HR Coordinator. ECF No. 1 at 3. IIVS maintained a group health plan, which included dental benefits (hereafter, "Dental Plan") and Group Long-Term ("LTD") and Short-Term Disability Insurance Plans ("STD," and collectively "Disability Plans") for the benefit of its employees. ECF No. 1 at 3. The health plan and Disability Plans are governed by ERISA. *Id.* The Complaint alleges that Defendant Paychex Insurance Agency, Inc. is a service provider and, as agent for Paychex, Inc., administered the insurance benefits of the IIVS health plan and Disability Plans. ECF No. 1 at 3–4.[2]

On September 9, 2015, IIVS presented Damiano with a letter terminating her employment effective immediately and the terms of such termination (the "Termination Letter"). ECF No. 1 at 4. The Termination Letter states that the severance package includes "[c]ontinuation of current health and disability insurance benefits paid in full by IIVS, through October 31, 2015." ECF No. 15-3 at 5; *see also* ECF No. 1 at 4. Defendant IIVS consulted with Defendant Paychex and received written confirmation that coverage could be continued as described in Plaintiff's Termination Letter under the terms of the Disability Plans in existence at the time the promise was made to Plaintiff. ECF No. 1 at 4.

On September 16, 2015 and September 28, 2015, Damiano scheduled and received treatment from her dentist. Damiano was initially approved for coverage associated with her September 16, 2015 dental work although that approval was subsequently rescinded. ECF No. 1

---

[1] In considering Defendants' Motion to Dismiss, the Court relies upon the facts alleged in the Complaint. *See Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). All facts are viewed in the light most favorable to Plaintiff.

[2] According to Defendants, the Dental Plan is fully insured by Humana and the Disability Plans are fully-insured by Kanawha Insurance Company (hereafter, collectively, "Humana"). ECF No. 15-1 at 2, 6 n.3. Defendant Paychex contends it is not the plan administrator for the Disability Plans, but rather Humana is the claims administrator and determines the eligibility of claimants under both the Dental Plan and Disability Plans ECF No. 15-1 at 2.

at 4. Damiano was then denied coverage outright for her September 28, 2015 dental work, rendering her cumulatively liable for approximately $4,900 in dental expenses for both procedures. ECF No. 1 at 4.

On October 3, 2015, Plaintiff was hospitalized and underwent emergency brain surgery. ECF No. 1 at 5. Then, on October 8, 2015, Paychex issued a COBRA correspondence to Damiano notifying her that her coverage under IIVS' group health plan would end on October 31, 2015, confirming the end date from Damiano's Termination Letter. ECF No. 15-2 at 5. Paychex sent a second COBRA notice, dated October 23, 2015. ECF No. 15-2 at 15. The October 23rd COBRA notice states that Plaintiff's "coverage under the [group health] Plan will end on 09/09/2015." ECF No. 15-2 at 15. Plaintiff alleges that she did not receive this second COBRA election notice until after October 23, 2015, more than 44 days after her termination on September 9, 2015. ECF No. 1 at 7.

After her surgery but prior to October 31, 2015, Plaintiff contacted IIVS to seek STD and LTD benefits under the Disability Plans. ECF No. 1 at 5. Damiano was then informed by IIVS that she would not be able to access disability benefits under its plans because—contrary to the terms of the Termination Letter and the October 8, 2015 COBRA notice—she was ineligible by virtue of her termination. ECF No. 1 at 5.

On March 28, 2016, Plaintiff filed the present action. Plaintiff asserts three claims: (1) equitable relief under ERISA § 502(a)(3) (Count I); statutory remedies for violation of COBRA (Count II); and breach of contract (Count III). As relief, Plaintiff requests: (1) payment of the $110 a day penalty for failure to comply with the COBRA notice requirements under ERISA § 502(c)(1)(A), 29 U.S.C. § 1132(c)(1)(A); (2) payment of the promised dental and disability

benefits; or (3) such other equitable remedies under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) as the Court may deem appropriate. ECF No. 1 at 1.

## II.    STANDARD OF REVIEW

Defendants' motion is styled as a motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6) or, in the alternative, for summary judgment under Rule 56. A motion styled in the alternative implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure to convert a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment. *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007); *Kensington Vol. Fire Dept., Inc. v. Montgomery County*, 788 F. Supp. 2d 431, 436–37 (D. Md. 2011). In this case, the Court declines to consider this motion as one for summary judgment and instead will treat it as a motion to dismiss under Rule 12(b)(6).

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this

standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007). However, "[t]he court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see e.g.*, *Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 195 n.5 (4th Cir. 2002) (stating that district court correctly considered ERISA plan agreement because plaintiff referred to and relied on the existence of "an agreement for medical-related services" between herself and defendants); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). To be "integral," a document must be one "that by its very existence, and not the mere information it contains, gives rise to the legal rights asserted." *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F.Supp.2d 602, 611 (D. Md. 2011) (internal quotations and emphasis omitted).

Plaintiff's claims are predicated on deficiencies of the two COBRA notices and her alleged entitlement to promised benefits in her Termination Letter and the October 8th COBRA notice. Accordingly, the Termination Letter and COBRA notices are all integral to the Complaint. Plaintiff does not dispute the authenticity of these documents attached to Defendants'

Motion so the Court will consider these documents without converting the motion into one for summary judgment. The Court will not consider the declarations of Jennifer Ozminkowski or Erin Hill, attached to the Motion and Defendants' reply brief because they do not form the basis of Plaintiff's claims and are not necessary to resolve the Motion to Dismiss. *See* ECF No. 15-3 at 2–4, ECF 15-2 at 2–4; ECF No. 19-1.

Where the allegations in the complaint conflict with an attached written instrument, "the exhibit prevails." *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991); *see Azimirad v. HSBC Mortg. Corp.*, No. DKC-10-2853, 2011 WL 1375970, at *2–3 (D. Md. Apr. 12, 2011). "When the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 167 (4th Cir. 2016). Additionally, Rule 201(b)(2) of the Federal Rules of Evidence permits the Court to take judicial notice of "fact[s] that [are] not subject to reasonable dispute because [they] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," such as matters of public record. Fed. R. Evid. 201(b)(2); *see Alston v. Wells Fargo Home Mortg.*, No. TDC-13-3147, 2016 WL 816733, at *1 n.1 (D. Md. Feb. 26, 2016).

## III.   ANALYSIS

### A.  Count I: Breach of Fiduciary Duty in Violation of ERISA § 502(a)(3)

In Count I, Plaintiff asserts that IIVS and Paychex breached their fiduciary duty to Plaintiff by representing to Plaintiff, via the Termination Letter and October 8th COBRA notice, that Plaintiff would receive coverage under the Disability Plans and Dental Plan after her termination. ECF No. 1 at 6-7. Defendants advance four arguments as to why this count must be

dismissed. First, Defendants assert this claim is founded in the principals of estoppel, which cannot be used to alter the unambiguous terms of a welfare benefit plan under ERISA. Defendants next argue that Plaintiff's claim cannot survive as a matter of law because she did not detrimentally rely upon the statements contained in the Termination Letter. ECF No. 15-1 at 7. Third, Defendants contend that because Plaintiff has not alleged facts showing that Plaintiff was "disabled" within the meaning of the Disability Plans, Plaintiff "cannot claim to have suffered any actual harm from any purported conduct by [D]efendants." ECF No. 15-1 at 5. Lastly, Defendants aver that any loss of dental benefits suffered by Damiano is the result of Damiano's failure to properly elect continuation coverage, and therefore that Damiano has failed to allege a proper claim for relief. ECF No. 15-1 at 9.

Defendants' first argument challenging Count I on promissory estoppel grounds must fail.  The Defendants are correct that estoppel cannot vary the terms of a written ERISA plan because the statute itself does not recognize the validity of oral or informal written modifications to plans. *HealthSouth Rehabilitation Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1009 (4th Cir. 1996) (citing 29 U.S.C. §§ 1102(a)(1) and 1102(b)(3)); *Gross v. St. Agnes Health Care, Inc.*, No. CIV.A. ELH-12-2990, 2013 WL 4925374, at *11 (D. Md. Sept. 12, 2013). However, Plaintiff does not allege that Defendants' Termination Letter and COBRA notice modified the IIVS plans. Rather, Plaintiff alleges that she relied on Defendants' misrepresentations to her detriment. Accordingly, Plaintiff properly brings a claim of breach of fiduciary duty under ERISA and not one sounding in promissory estoppel. *See Griggs v. E.I. Dupont de Nemours & Co.*, 237 F.3d 371, 380–81 (4th Cir. 2001) (recognizing a breach of fiduciary duty where employer failed to provide material information to employee about inaccuracy of a distribution).

Defendants next argue that Count I fails because Plaintiff has not sufficiently plead the element of detrimental reliance. A claim for breach of fiduciary duty under ERISA requires a plaintiff to prove: (1) that the defendant was a fiduciary of the ERISA plan; (2) that the defendant breached its fiduciary responsibilities under the plan; and (3) that the participant is in need of injunctive or "other appropriate equitable relief" from the court to remedy the violation or enforce the plan. *Griggs*, 237 F.3d at 379–80; *see also Adams v. Brink's Co.*, 261 F. App'x 583, 590 (4th Cir. 2008); *Byrd v. Canadian Imperial Bank of Commerce,* 354 F.Supp.2d 597, 611 (D.S.C. 2005). To prove the "breach" element of this claim, a plaintiff must show that the defendant was acting in a fiduciary capacity when it made the representations, the information misrepresented was material, and the misrepresentation was relied upon to plaintiff's detriment. *See James v. Pirelli Armstrong Tire Corp.,* 305 F.3d 439, 449 (6th Cir. 2002); *Wiseman v. First Citizens Bank & Trust Co.,* 215 F.R.D. 507, 510 (W.D.N.C. 2003).

A failure to speak, or "omission," can be the basis of a breach of fiduciary duty claim when the fiduciary knows that not disclosing the material information could be harmful to the beneficiary. *See Griggs*, 237 F.3d at 380 ("In sum, the duty to inform 'entails not only a negative duty not to misinform, but also an affirmative duty to inform when the trustee knows that silence might be harmful.'" (quoting *Bixler v. Central Pa. Teamsters Health & Welfare Fund,* 12 F.3d 1292, 1300 (3d Cir. 1993))). A lack of intent to deceive does not insulate a fiduciary from liability based on a misrepresentation. *Adams*, 261 F. App'x at 595 (citing *Krohn v. Huron Mem'l Hosp.*, 173 F.3d 542, 547 (6th Cir. 1999)). Finally, "a misrepresentation is material if there is a substantial likelihood that it would mislead a reasonable employee in making an adequately informed decision in pursuing . . . benefits to which she may be entitled." *DiFelice v.*

*U.S. Airways, Inc.*, 397 F. Supp. 2d 758, 770 (E.D. Va. 2005) (quoting *Pirelli Armstrong Tire Corp.,* 305 F.3d at 439) (alteration omitted).

Here, Damiano has adequately alleged facts establishing all elements of a breach of fiduciary duty claim under ERISA § 502(a)(3), 29 U.S.C.§1132(a)(3). Plaintiff claims both IIVS and Paychex are fiduciaries. According to Plaintiff, Defendant IIVS is the plan administrator, and Defendant Paychex Insurance Agency, Inc. is a service provider and administered the insurance benefits of the IIVS health plan and Disability Plans. ECF No. 1 at 3–4.[3] Plaintiff has also adequately alleged that Defendants conveyed false, material representations that her health insurance coverage would continue to through October 31, 2015. ECF No. 1 at 4. Damiano finally alleges that she relied on the misrepresentation that her employment benefits, including dental insurance, would continue until October 31, 2015 and thus refrained from arranging for alternative coverage. ECF No. 1 at 4. Further, the Complaint asserts that she underwent emergency brain surgery after suffering a stroke and sought coverage under the Disability Plans for benefits she believed she was eligible to receive. ECF No. 1 at 5.

Defendants' reliance on *Krohn v. Huron Mem'l Hosp.*, 173 F.3d 542 (6th Cir. 1999) is misplaced. In *Krohn*, the Sixth Circuit reversed the district court's grant of summary judgment, holding that the Plaintiff adequately sustained her burden regarding detrimental reliance by

---

[3] Defendant Paychex contends that this claim must also be dismissed because Paychex is not the plan administrator for the Disability Plans. ECF No. 15-1 at 2, 6; ECF No. 19 at 4. Plaintiff, however, alleges that the Defendants were plan administrators, and thus this Court accepts that allegation as true. *See Kozak v. Vanesko Enterprises, Inc.*, No. 3:16-CV-750, 2016 WL 6892454, at *4 (M.D. Pa. Nov. 22, 2016) (finding defendant could not contest the factual allegation that it was a fiduciary at the motion to dismiss stage); *Hornady Transp. LLC v. McLeod Health Servs., Inc.*, 773 F. Supp. 2d 622, 632 (D.S.C. 2011) (finding the complaint's allegations sufficient to support an inference that defendant acted as a fiduciary. At the motion to dismiss stage, this Court cannot and does not forecast whether Plaintiff will prevail in establishing that Paychex acted as a fiduciary. *See Hornady Transp. LLC*, 773 F. Supp. 2d at 632 (citing *HealthSouth Rehabilitation Hosp. v. American Nat'l Red Cross*, 101 F.3d 1005, 1009 (4th Cir. 1996) (an entity which plays a limited role in processing claims but has no discretionary authority is not an ERISA fiduciary)).

showing that had the fiduciary hospital informed plaintiff about the availability of benefits through an alternate plan, it is likely she would have chosen a different course of action and applied for another long-term disability plan. *Krohn*, 173 F.3d 542 at 551.

Defendants also point the Court to *Eddy v. Colonial Life Ins. Co. of Am.*, 919 F.2d 747 (D.C. Cir. 1990).  But *Eddy* focused centrally on the scope of a fiduciary's responsibility to fully and completely inform a beneficiary Plaintiff of the terms of continued health coverage. *Id.* at 80. It did not address at all the sufficiency of Plaintiff's averments as to detrimental reliance. Thus, *Eddy* provides Defendants little support.

Here, the Complaint seeks redress for Damaino's damages arising out of Defendants' alleged misrepresentations as to when her coverage under the plan would terminate. The Complaint alleges directly that Defendants knew that Plaintiff would believe she was covered under the dental insurance and Disability Plans until October 31, 2015. No provision of ERISA allows a fiduciary to abrogate its "unyielding duty of loyalty" —and the consequential duty not to make material misstatements or omissions—based on such a general right. *Hensley v. P.H. Glatfelter Co.*, No. CIV. 1:04CV200, 2005 WL 3158033, at *4 (W.D.N.C. Nov. 28, 2005). Defendants' misinformation resulted in Damiano being without insurance benefits and not by choice. Moreover, following her termination, Damiano did not know that she was without dental insurance, short-term disability coverage, and long-term disability coverage because she relied on the misrepresentations of the Defendants that she had coverage and thus did not pursue alternate coverage to her detriment. Therefore, Plaintiff has pleaded a plausible claim for relief under 29 U.S.C. §1132(a)(3).

Defendants' third and fourth arguments regarding Plaintiff's alleged disability and her COBRA election are inherently fact-driven and thus ill-suited for resolution on a motion to

dismiss. *See Weisner v. Liberty Life Assurance Co. of Boston*, No. CV JKB-15-2545, 2016 WL 5335794 (D. Md. June 28, 2016) (holding genuine issue of fact precludes summary judgment as to whether participant was disabled under the policy and was proper for the fact-finder); *cf. Barnett v. Perry*, No. CCB-11-CV-00122, 2011 WL 5825987, at *6 (D. Md. Nov. 16, 2011) (denying summary judgment where a question required interpretation of a plan's termination provisions, as well as additional factual findings regarding the working hours of the plan beneficiary). The scope and terms of the Disability Plan is a question of fact not yet developed. Similarly, whether Plaintiff timely elected continuation coverage can and likely will be determined during discovery, but is not a proper consideration at the motion to dismiss stage. Accordingly, Defendants' motion to dismiss will be denied as to Count I.

**B. Count II: Violation of COBRA's §1166(a) Notice Requirements**

In Count II, Damiano alleges that Defendants' COBRA notices were deficient because the October 8, 2015 notification misrepresented the termination of Plaintiff's benefits and the October 23, 2015 notification was untimely. ECF No. 1 at 7. Plaintiff alleges that she did not receive her COBRA notice of the right to elect dental continuation coverage "within the forty-four (44) day period following her September 9, 2015 termination as required by COBRA." ECF No. 1 at 5. Defendants contend that both notices were timely and satisfy COBRA requirements. ECF No. 15-1 at 9; ECF No. 19 at 8.

Following an employee's termination, 29 U.S.C. § 1166(a)(4)(A) requires plan administrators to notify the former employee of his right to receive continuation coverage. COBRA further requires that the continuation coverage offered to the qualified employee extend at least eighteen months past the date of termination. 29 U.S.C. § 1162(2)(A)(I). An employer has a total of forty-four days to notify an employee of his or her

COBRA rights if the employer is also the plan administrator.  29 C.F.R. §2590.606–4(b) (2011). The COBRA regulations provide that "the plan administrator shall use measures reasonably calculated to ensure actual receipt of the material by plan participants, beneficiaries and other specified individuals." § 2520.104b-1(b)(1). The regulations specify that sending such notice by first class mail is sufficient to meet this requirement. *See id*. In an action for benefits under COBRA, the plan administrator bears the burden of proving that adequate COBRA notification was given to the employee. *S. Maryland Hosp. Ctr. v. Herb Gordon Auto World*, Inc., 6 F. Supp. 2d 461, 466 (D. Md. 1998) (citing *Stanton v. Larry Fowler Trucking Inc.*, 52 F.3d 723, 727–29 (8th Cir. 1995)).

Here, Plaintiff claims that she received the COBRA notice after the October 23, 2015 deadline. ECF No. 1 at 7. Drawing all reasonable inferences in favor of Plaintiff, the Complaint sufficiently alleges Defendants did not timely notify Plaintiff of her COBRA rights. *See Williams v. AAA S. New England*, No. 13 CV 855 VB, 2015 WL 5474236, at *3 (S.D.N.Y. Sept. 4, 2015) (finding plaintiff sufficiently pleaded a COBRA violation by alleging untimely receipt of the notice); *Rodriguez v. Oriental Fin. Grp. Inc.*, 802 F. Supp. 2d 350, 357 (D.P.R. 2011) (plaintiff's allegations taken as true sufficiently pleaded inadequate COBRA notifications). Accordingly, Defendants' motion to dismiss will be denied as to Count II.

### C.  Count III: State Common Law Breach of Contract

In Count III, Damiano seeks relief under a state common-law claim premised on an alleged breach of contract arising from the terms set out in the Termination Letter and October 8th COBRA notice. Defendants argue that the Damiano's state law breach of contract claim is

12

preempted by ERISA § 514(a), 29 U.S. Code § 1144.[4] Defendants are correct, and so Plaintiff's state law claim will be dismissed.

"ERISA pre-empts any state law that refers to or has a connection with covered benefit plans . . . 'even if the law is not specifically designed to affect such plans, or the effect is only indirect.'" *District of Columbia v. Greater Washington Bd. of Trade,* 506 U.S. 125, 129–30 (1992) (quoting *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 139 (1990)). In *Darcangelo v. Verizon Communications, Inc.,* 292 F.3d 181, 186 (4th Cir. 2002), the Fourth Circuit explained that ERISA conflict preemption is broader than traditional conflict preemption. Ordinary conflict preemption is triggered when a state law actually conflicts with a federal law. *Id.* at 186. ERISA § 514 casts a wider net, directing that state laws are superseded insofar as they "relate to" an ERISA plan. *Id.* at 187 (citing 29 U.S.C. § 1144(a)). In construing § 514(a), the phrase "relate to" is "'given its broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" *Phoenix Mutual Life Ins. Co. v. Adams,* 30 F.3d 554, 560 (4th Cir.1994) (quoting *Pilot Life Ins. Co.,* 481 U.S. at 47); *see also District of Columbia v. Greater Washington Bd. of Trade,* 506 U.S. 125, 129–30 (1992); *Connecticut Gen. Life Ins. Co. v. Advanced Surgery Ctr. of Bethesda, LLC*, No. CIV.A. DKC 14-2376, 2015 WL 4394408, at *16 (D. Md. July 15, 2015).

Section 514 of ERISA preempts "laws that provide alternative enforcement mechanisms to ERISA's civil enforcement provisions." *Darcangelo*, 292 F.3d at 190. Importantly, parties cannot "avoid ERISA's preemptive reach by recasting otherwise preempted claims as state-law contract and tort claims." *Wilmington Shipping Co. v. New England Life Ins. Co.*, 496 F.3d 326, 341 (4th Cir.2007) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 214 (2004)). Applying this rule, the Fourth Circuit held in *Darcangelo* that a breach of contract action to enforce the

---

[4] Plaintiff, in her response, does not oppose Defendants' argument.

payment of benefits under an ERISA plan "is clearly preempted" under § 514. *Darcangelo,* 292

F.3d at 194. This is because "an action to enforce the terms of a contract, when that contract is an

ERISA plan, is of necessity an alternative enforcement mechanism for ERISA § 502 and is

therefore 'relate[d] to' an ERISA plan and preempted by § 514." *Id.* at 195. Similarly, "ERISA

preempts state common law claims of fraudulent or negligent misrepresentation when the false

representations concern the existence or extent of benefits under an employee benefit plan."

*Gross v. St. Agnes Health Care, Inc.*, No. CIV.A. ELH-12-2990, 2013 WL 4925374, at *10 (D.

Md. Sept. 12, 2013) (quoting *Griggs*, 237 F.3d at 378).

Plaintiff contends that Defendants breached their contract with her by not paying

promised benefits as per the Termination Letter. ECF No. 1 at 8. Because Plaintiff seeks to

establish an employer's obligations related to an employee benefit plan, her claims fall within the

scope of ERISA's § 514 preemption. *See* 29 U.S.C. § 1144(a); *Rollins v. Kjellstrom & Lee, Inc.*,

109 F. Supp. 3d 869, 880 (E.D. Va. 2015) ("Courts regularly find that ERISA preempts breach of

contract actions alleging additional or alternative mechanisms to seek benefits owed through a

plan.") (citing cases); *Stiltner v. Beretta U.S.A. Corp.*, 74 F.3d 1473, 1480 (4th Cir. 1996)

(finding breach of contract claim likely preempted by "ERISA § 514(a), because it seeks to

recover benefits of a sort which are already provided by an ERISA plan, even though it seeks to

recover them not from the plan itself, but from the employer directly").  The breach

of contract claim involves the same allegations as the ERISA claim. *See Rogers v. Unitedhealth

Grp., Inc.*, 144 F. Supp. 3d 792, 798 (D.S.C. 2015) (breach of contract claim preempted where

allegations duplicative of ERISA claims). Moreover, recovery under the state law claims would

impact the administration of the plan. *LeBlanc v. Cahill*, 153 F.3d 134, 147 (4th Cir. 1998); *Pizlo

v. Bethlehem Steel Corp.*, 884 F.2d 116, 120 (4th Cir. 1989) ("Preemption applies to a state cause

14

of action under common law [ ], for the state breach of contract and estoppel claims pose the same potential as the statutory cause of action for *conflicting employer obligations and variable standards of recovery* . . . . [T]he state law claims would determine whether any benefits are paid, and directly affect the administration of benefits under the plan." (quoting *Holland v. Burlington Industries, Inc.*, 772 F.2d 1140, 1147 (4th Cir. 1985))); *Strategic Outsourcing, Inc. v. Commerce Benefits Grp. Agency, Inc.*, 54 F. Supp. 2d 566, 574 (W.D.N.C. 1999). Accordingly, Plaintiff's state common law breach of contract claim is preempted by ERISA and must be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Joint Motion to Dismiss or in the Alternative for Summary Judgment (ECF No. 15) is denied in part and granted in part. A separate order will follow.

 12/29/2016                                                                    /S/
Date                                                      Paula Xinis
                                                          United States District Judge