IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| MICHELE DAMIANO, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-16-0920 |
| INSTITUTE FOR IN VITRO SCIENCES, INC., | * | |
| Defendant. | * | |

\*\*\*\*\*\*

## MEMORANDUM OPINION

On March 13, 2018, the Court dismissed the above-captioned case, granting summary judgment for Defendant Institute for In Vitro Sciences, Inc. ("IIVS"). ECF No. 45. Plaintiff Michele Damiano ("Damiano") now moves for the Court to alter its judgment pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 47. IIVS opposes the motion. ECF No. 48. The Court now rules because no hearing is necessary. *See* D. Md. Loc. R. 105.6. Upon consideration of the parties' briefing and the evidence in the record, the Court DENIES Damiano's motion.

### I. Background

The relevant facts are summarized in the Court's Memorandum Opinion granting summary judgment, ECF No. 45. In short, Damiano was employed by IIVS from February 3, 2015 until her termination on September 9, 2015. Upon her termination, IIVS presented Damiano with a letter stating that the severance package included "[c]ontinuation of current health and disability insurance benefits paid in full by IIVS, through October 31, 2015." On October 3, 2015, Damiano was hospitalized and underwent emergency brain surgery. When she contacted IIVS on October 23, 2015, seeking disability benefits, she was told that contrary to the

1

terms of the letter, she was not eligible for coverage. However, based on IIVS' representations in her termination letter, Damiano applied for long term disability benefits to the claims administrator on February 12, 2016. The claims administrator requested additional information from Damiano's attending physicians and employer to complete the application, but Damiano never provided the requested information. As a result, Damiano's application for benefits was never completed, and benefits were never conferred.

Damiano initially filed suit alleging a variety of claims, which ultimately narrowed to a single count of breach of fiduciary duty against IIVS under the Employee Retirement Security Act of 1971 (ERISA). IIVS then moved for summary judgment on the sole remaining count, which this Court granted. ECF No. 45. Damiano timely moved for reconsideration, arguing that the Court erred in determining that Damiano failed to demonstrate IIVS' misstatements as to coverage led to any legally cognizable harm. ECF No. 47.

## II. Standard of Review

A motion for reconsideration filed within 28 days of the underlying order is governed by Federal Rule of Civil Procedure 59(e). *See Katyle v. Penn. Nat. Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011). Courts recognize three limited grounds for granting a motion for reconsideration brought pursuant to Rule 59(e): (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not previously available, or (3) to correct a clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003). However, a Rule 59(e) motion "may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific Ins. Co.*, 148 F.3d

at 403 (quoting 11 Wright, *et al.*, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pacific Ins. Co.*, 148 F.3d at 403 (quoting Wright, *et al.*, *supra*, § 2810.1, at 124).

### III. Analysis

Damiano contends that reconsideration is warranted "to correct an error of law or prevent manifest injustice" because the Court misapprehended her argument as to harm. In its Memorandum Opinion granting summary judgment, the Court found that IIVS owed a fiduciary duty to Damiano and that Damiano had generated sufficient evidence from which a factfinder could determine that IIVS' misrepresentations regarding plan benefits were material. However, because Damiano could not demonstrate that she was harmed by IIVS' putative material misrepresentation, the Court granted summary judgment to Defendant.

In her motion for reconsideration, Damiano specifically asserts that the harm she suffered was "losing access to benefits she expected." ECF No. 47 at 2. Damiano over-simplifies the requisite analysis. At the summary judgment stage, the Court must determine, viewing the evidence most favorably to the plaintiff, whether the plaintiff has generated sufficient evidence to allow the claim to proceed to trial. Regardless of the persuasiveness *vel non* of Plaintiff's theory of harm, it will not survive if she cannot demonstrate sufficient facts to establish the existence of an essential element. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

As to harm, Plaintiff failed to sustain her burden viewing all evidence most favorably to her.[1] Plaintiff asserts, again, that "[h]arm in this instance was the inability to secure the disability benefits," ECF No. 47 at 4. But, as detailed in the Memorandum Opinion for summary judgment, Plaintiff "generated no facts to demonstrate how IIVS' misrepresentations—as opposed to the shortcomings in the application itself" led to denial of benefits. ECF No. 45 at 9. The record evidence indisputably showed that Damiano did not complete the benefits application which prevented IIVS' claims administrator from determining eligibility. Accordingly, because of Damiano's failure of proof on this element, the Court granted summary judgment in IIVS' favor.

At base, Damiano disagrees with the Court's prior ruling. However, "mere disagreement does not support a Rule 59(e) motion." *U.S. ex rel. Becker*, 305 F.3d at 290 (quoting *Hutchinson v. Staton,* 994 F.2d 1076, 1082 (4th Cir.1993)). Because disagreement alone is insufficient to warrant reversal of the Court's prior decision, Damiano's motion is DENIED.

A separate order follows.

10/29/2018  
Date

/S/  
Paula Xinis  
United States District Judge

---

[1] Damiano misconstrues the Court's prior opinion as to the legal framework for assessing harm. The Court determined that Damiano's claim failed under either detrimental reliance or an equitable theory of harm. *See CIGNA Corp. v. Amara*, 563 U.S. 421, 423 (2011) ("[T]he relevant standard of harm will depend on the equitable theory by which the District Court provides relief.").